Justice Kennedy,
concurring in part and concurring in the judgment.
I join Parts I — III and V of the Court’s opinion but cannot join Part IV. In my view the concerns expressed by Justice Alito are well justified. Post, p. 133 (dissenting opinion). It is insufficient for the Court to say that, on remand, the Court of Appeals “may,” “[i]f it chooses,” “revisit its factual analysis.” Ante this page. The correct course would be to require the Court of Appeals to do so.
*127 As Justice Alito explains, the judgments of acquittal preclude the Government from retrying petitioner on the issue of his possession of insider information if, and only if, “it would have been irrational for the jury to acquit without finding that fact.” Post, at 134; see Ashe v. Swenson, 397 U. S. 436, 444 (1970) (retrial not precluded if “ ‘a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose’ ”).
For the reasons given by Justice Alito, there are grounds here to question whether petitioner has met this demanding standard. Post, at 134-135. The District Court, which was the court most familiar with the record, found that petitioner could not make this showing because a rational jury could have acquitted him of securities fraud on a different basis — namely, that petitioner did not cause the misleading statements to be made. Post, at 135-136. The Court of Appeals’ contrary analysis is not convincing. Post, at 136.
The Court of Appeals held the Double Jeopardy Clause permits petitioner’s retrial because, in that court’s view, the acquitted counts were inconsistent with the jury’s inability to reach a verdict on other counts. 521 F. 3d 367, 379 (CA5 2008). The Court today corrects that misreading of the Double Jeopardy Clause. The question remains whether the Clause permits petitioner’s retrial for the quite distinct reason Justice Alito describes. On remand, the Court of Appeals should reexamine this question.